UNITED STATES DISTRICT COURT          Jury Trial Demanded
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TYSE MILLEN-EL   and                         :
C.T., a minor child, by his mother and natural guardian   :
TYSE MILLEN-EL                               :      Civil Action Number:
                                             :
                     *Plaintiffs*       :      **1:16-cv-7375**
                                             :
-against-                                      :
                                           :
THE CITY OF NEW YORK; NEW YORK CITY POLICE : 
DEPARTMENT OFFICERS JOHN DOE 1-4, individually :
and in their official capacity (the names John Doe being   :     **COMPLAINT**
fictitious, as the true names are unknown at this time);    :
NATIONAL BASKETBALL ASSOCIATION, INC.; and   :
FANATICS RETAIL GROUP CONCESSIONS, INC.     :      ECF Case
                                           :
                    *Defendants*     :
------------------------------------------------------------------------X

Plaintiffs, TYSE MILLEN-EL, and C.T., a minor child, by their attorney CHRISTOPHER A.

CARRION, ESQ., complaining of the Defendants, respectfully allege the following:

## PRELIMINARY STATEMENT

1. Plaintiffs TYSE MILLEN-EL, and C.T., a minor child, ("Plaintiffs"), bring this action for

   compensatory damages, punitive damages, and attorney's fees pursuant to the statutory

   and common law of the State of New York for false arrest, false imprisonment,

   negligence, intentional infliction of emotional distress, and negligent hiring and

   supervision.

2. Plaintiffs also bring this action for compensatory damages, punitive damages, and

   attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C §1988 for violations of their

   civil rights as secured by the Constitution of the United States and  the State of New York.

## JURISDICTION

3.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred under 28 U.S.C §§1331 and 1343(3) and (4), and the aforementioned statutory and constitutional provisions.

4.  Plaintiffs further invoke this court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy giving rise to the federally based claims and causes of action.

## VENUE

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(a), (b), and (c), as it is where Defendant CITY OF NEW YORK maintains its relevant place of business, Defendant NATIONAL BASKETBALL ASSOCIATION, INC., maintains its relevant place of business, Defendant FANATICS, INC., conducts business and has availed itself of the laws of this jurisdiction, and where all of the actions complained of herein occurred.

## JURY DEMAND

6.  Plaintiffs respectfully demand a trial by jury of all of the issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

7.  That at all times hereinafter mentioned, Plaintiffs were residents of the State of Florida, Palm Beach County.

8. That at all times hereinafter mentioned, the Defendant CITY OF NEW YORK, (hereinafter "the City"), was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

9. The City of New York is authorized under the laws of the state of New York to maintain a police department[1], the New York City Police Department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and employment of police officers.

10. That at all times hereinafter mentioned, the Defendant NEW YORK CITY POLICE DEPARTMENT, (hereinafter "NYPD"), was and is a department of the City of New York, duly organized and existing under and by virtue of the laws of the State of New York and the New York City Charter, Chapter 18.

11. That at all times hereinafter mentioned, the defendants NEW YORK CITY POLICE DEPARTMENT OFFICERS JOHN DOE 1-4, (hereinafter "Officers"), were, and upon information and belief, still are employed by the NEW YORK CITY POLICE DEPARTMENT.

12. That at all times hereinafter mentioned, the Defendant NATIONAL BASKETBALL ASSOCIATION, INC., (hereinafter "NBA"), was and is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. That at all times hereinafter mentioned, the Defendant FANATICS RETAIL GROUP CONCESSIONS, INC., its parent company and subsidiaries (hereinafter "Fanatics"), was and is a foreign business corporation duly organized and existing under and by virtue of

---

[1] New York Municipal Home Rule Law §10

the laws of the State of Deleware and authorized to conduct business in the State of New York.

14. That prior to the institution of this action, a *Notice of Claim* was duly served upon and filed with the Office of the Comptroller for the CITY OF NEW YORK on behalf of Plaintiffs within the time required by General Municipal Law §50(e).

15. That on or about April 1, 2016, a hearing was conducted by attorneys on behalf of the CITY OF NEW YORK pursuant to General Municipal Law §50(h).

16. That at all times hereinafter mentioned, the defendant police officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

17. That at all times hereinafter mentioned, Defendant NBA, owned and operated the venue known as "The NBA Store," located at  590 Fifth Avenue, County, City and State of New York, at the time of this incident.

18. That at all times hereinafter mentioned, Defendant Fanatics, operated the venue known as "The NBA Store," located at  590 Fifth Avenue, County, City and State of New York, at the time of this incident.

19. That the causes of action pleaded herein fall within one of more of the exceptions set forth in New York's Civil Practice Law & Rules ("CPLR") §1602, with respect to joint and several liability.

**STATEMENT OF FACTS**

20. Plaintiff TYSE MILLEN-EL is a 36 year-old African-American female, and resident of the state of Florida.

21. Plaintiff C.T., an infant, is a 15 year-old African-American male, and the son of Plaintiff MILLEN-EL. He is also a resident of the state of Florida.

22. On June 25, 2015, Plaintiffs were visiting New York City on a family vacation. Accompanying Plaintiffs were Ms. Millen-El's mother, Ester Millen-El, and another son, A.T., an infant, 7 years-old.

23. On that date, at approximately 3:00 p.m. or thereabout, Plaintiffs entered the retail establishment known as "The NBA Store," for the purpose of shopping for seuveniers. The NBA Store is a two-floor retail establishment then located at 590 Fifth Avenue, in New York County.

24. The NBA Store is operated by Defendant FANATICS, INC., under ownership and with license from Defendant NBA.

25. Plaintiffs had just arrived from a visit to the Metropolitan Museum of Art and other attractions in New York County, whereupon they separated from the other two family members who retired to their hotel room to rest.

26. Plaintiffs patronized the NBA Store for approximately ten (10) minutes without incident, heading from the first (ground) floor, up to the second floor of the establishment.

27. The NBA Store was crowded and full of other customers, but there was no indication of a security presence or disturbance.

28. After approximately ten minutes, Plaintiff C.T. chose a pair of socks that he wished to purchase and entered the queue to pay for said socks.

29. Plaintiff C.T. signaled to his mother, Ms. Millen-El, from an approximate distance of 20-30 feet, that he had chosen an item for purchase, whereupon Ms. Millen-El began to walk toward her son in order to pay for the socks.

30. Upon beginning her walk, Ms. Millen-El felt someone grab her by the arm from behind in a sudden and forceful manner.

31. Ms. Millen-El observed a plainclothed police officer as the person who grabbed her arm and was now holding her by the arm.

32. The officer, speaking to a female plainclothed police officer, asked "Is this her?," whereupon the second officer nodded in the affirmative.

33. At this point, both officers forecefully grabbed Ms. Millen-El by the arms and forced her to walk downstairs to the ground floor of the NBA Store.

34. Simultaneuously, a third male plainclothed police officer grabbed Plaintiff C.T. suddenly and forcefully by the arm and forced him to walk downstairs.

35. Upon being grabbed by this officer, Plaintiff C.T. asked what he had done, to which the officer replied by threatening to throw Plaintiff C.T. down the stairs if he did not stay quiet.

36. Once on the ground level of the NBA Store, both plaintiffs were placed in handcuffs without knowing why they were being detained and arrested.

37. At this point, the female officer removed a backpack being worn by Ms. Millen-El and proceeded to open it up and search its contents.

38. Ms. Millen-EL's mobile phone was removed and vouchered under NYPD Property Clerk Invoice number 1000661789.

39. Ms. Millen-El inquired as to why she was being detained and her bag searched, to which the female officer responded by ordering her to be quiet because the officer did not want to embarrass Ms. Millen-El.

40. Upon repeated inquiry from Ms. Millen-El, she was finally informed by officers that she was stealing/shoplifting.

41. Plaintiffs were then removed to the front of the NBA Store and forced to sit on the sidewalk curb in handcuffs for approximately thirty (30) minutes next to two other males, also seated in handcuffs.

42. Plaintiffs did not know who these two other men in handcuffs were, nor had they ever seen these men prior to seeing them seated on the sidewalk curb in handcuffs.

43. At no point did any Defendant Officer identify him or herself as a New York City Police Officer or display a badge, shield, identification or any insignia that could be used to reasonably infer that said Defendant Officers were under the employ and acting in their capacity as New York City Police Officers.

44. After approximately thirty minutes, Plaintiffs were taken by car to the 18th Precinct (Midtown North Precinct), located at 306 West 54th Street, in New York County.

45. Upon being removed to the precinct, Ms. Millen-El was searched by a female officer, fingerprinted, photographed, seated on a bench in a holding area, and handcuffed to the bench.

46. Ms. Millen-El remained in custody for approximately seven-to-eight (7-8) hours.

47. Plaintiff C.T. was searched by a male officer and escorted to a break room inside the precinct where he was kept seated alone and handcuffed to a chair.

48. Officers called his grandmother, Ester Millen-El to come and pick him up from the precinct, which she did approximately one hour later.

49. At one point, Ms. Millen-El was removed to an upstairs room in the precinct purportedly to speak to a sergeant where she waited for approximately one hour during which nobody appeared to speak to her, then removed back downstairs to the holding area.

50. At some time close to midnight (12:00 a.m.), Ms. Millen-El was released from the precinct and told to go home. When she inquired further, she was advised that she would not be charged with a crime.

51. Pursuant to an NYPD Omniform System Arrest Report, Arrest Number **M15646862**, Ms. Millen-El was arrested for one count of violating Penal Law ("PL") §260.25, *Endangering the Welfare of an Incompetent or Physically Disabled Person in the First Degree*, a Class E felony, one count of violating PL §155.25, *Petit Larceny*, and one count of violating PL §165.40, *Criminal Possession of Stolen Property in the Fifth Degree*, both Class A misdemeanors.

52. Plaintiffs were released without prosecution by the District Attorney of New York County.

53. Upon information and belief, Defendants NBA and Fanatics acted as agents of the NYPD within the sphere of loss prevention and crime prevention inside of the NBA's premises.

54. Due to the carelessness, negligence, unlawful and unconstitutional behavior of all Defendants, Plaintiffs suffered deprivation of liberty, freedom, and movement as well as mental and emotional injuries as a result of the events of June 25, 2015.

## FIRST CLAIM FOR RELIEF:
### Assault Under State Law

55. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-53 with the same force and effect as if fully set forth herein.

56. On June 25, 2016, Defendant Officers 1-4, acted with the intent to cause Plaintiffs to fear for their physical safety and to fear that violent contact was imminent by behaving toward Plaintiffs in an aggressive and threatening manner.

57. Defendant Officers 1-4, acted with the intent to alarm, annoy or harass Plaintiffs.

58. Defendant Officers 1-4, acted voluntarily and intentionally with the intent and desire to cause Plaintiffs to fear for their own physical safety and fear that violent contact was imminent.

59. Defendant Officers 1-4, acted voluntarily and with the knowledge—to a substantial certainty—that their actions would cause the plaintiffs to fear for their own physical safety and to fear that violent contact was imminent.

60. Defendant Officers 1-4, threatened to strike, shove, kick, or otherwise subject Plaintiffs to physical contact with the intent to alarm, annoy, or harass Plaintiffs.

61. Defendant Officers 1-4, at all times maintained the real and apparent ability to carry out their implied and explicit threats of injurious or violent contact.

62. As a result of Defendant Officers 1-4's actions, Plaintiffs became apprehensive and feared for their own physical safety and feared that violent contact was imminent.

63. Defendants CITY OF NEW YORK, are vicariously liable for the actions of their agents, Defendant Officers 1-4, as these individuals were acting in furtherance of NYPD business, under NYPD authority, and under the color of State Law.

64. At all times herein, the City is responsible for Plaintiffs' injuries and damages, as Defendant Officers 1-4 were acting in furtherance of NYPD business, under NYPD authority, and under the color of State Law.

## SECOND CLAIM FOR RELIEF:
### Battery Under State Law

65. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-64 with the same force and effect as if fully set forth herein.

66. On June 25, 2015, Defendant Officers 1-4 intentionally made physical contact with Plaintiffs.

67. This physical contact was violent, offensive, without Plaintiffs' consent and absent provocation.

68. This violent physical contact caused severe psychological injuries to Plaintiffs.

69. Defendant Officers 1-4, acted voluntarily and intentionally with the purpose to cause physical harm to Plaintiffs.

70. Defendant Officers 1-4, struck, shoved, kicked, or otherwise subjected Plaintiffs to unwanted physical contact.

71. Defendant Officers 1-4, acted voluntarily and intentionally with the intent to cause physical harm, and to alarm, annoy, or harass Plaintiffs.

72. Defendants CITY OF NEW YORK, are vicariously liable for the actions of their agents, Defendant Officers 1-4, as these individuals were acting in furtherance of NYPD business, under NYPD authority, and under the color of State Law.

73. At all times herein, the City is responsible for Plaintiffs' injuries and damages, as Defendant Officers 1-4 were acting in furtherance of NYPD business, under NYPD authority, and under the color of State Law.

## THIRD CLAIM FOR RELIEF:
### Intentional Infliction of Emotional Distress Under State Law

74. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-73 with the same force and effect as if fully set forth herein.

75. Defendant Officers 1-4's conduct of June 25, 2015 was shocking, outrageous and exceeded all reasonable bounds of decency.

76. Defendants NBA's and Fanatics' conduct of June 25, 2015 was shocking, outrageous and exceeded all reasonable bounds of decency.

77. Defendant Officers 1-4's conduct was intentional and with the purpose to cause Plaintiffs severe emotional distress.

78. Defendants NBA's and Fanatics' conduct was intentional and with the purpose to cause Plaintiffs severe emotional distress.

79. Defendant Officers 1-4 acted voluntarily and with the desire to cause Plaintiffs severe emotional distress.

80. Defendants NBA and Fanatics acted voluntarily and with the desire to cause Plaintiffs severe emotional distress.

81. Defendant Officers 1-4's conduct was reckless and with utter disregard for the consequences that followed.

82. Defendants NBA's and Fanatics' conduct reckless and with utter disregard for the consequences that followed.

83. Defendants NBA and Fanatics racially profiled Plaintiffs and created an atmosphere and environment where their patrons could be accosted without justification.

84. Defendants' conduct has caused Plaintiffs severe emotional distress.

CARRION SOTO VIRUET & KELLEY LLP | ONE WORLD TRADE CENTER, SUITE 8500 | WWW.CSVKLEGAL.COM

11

85. Defendants CITY OF NEW YORK, are vicariously liable for the actions of their agents, Defendant Officers 1-4, as these individuals were acting in furtherance of NYPD business, under NYPD authority, and under the color of State Law.

86. At all times herein, the City is responsible for Plaintiffs' injuries and damages, as Defendant Officers 1-4 were acting in furtherance of NYPD business, under NYPD authority, and under the color of State Law.

87. Defendants NBA and Fanatics, are vicariously liable for the actions of their agents, as these individuals were acting in furtherance of NYPD, NBA and Fanatics business, under NYPD, NBA and Fanatics authority, and under the color of State Law.

88. At all times herein, the NBA and Fanatics are responsible for Plaintiffs' injuries and damages, as their agents were acting in furtherance of NYPD, NBA and Fanatics business, under NYPD, NBA and Fanatics authority, and under the color of State Law.

**FOURTH CLAIM FOR RELIEF:**
**Vicarious Liability Under State Law**

89. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-90 with the same force and effect as if fully set forth herein.

90. At all times on June 25, 2015, Defendant Officers 1-4 were acting in furtherance of NYPD business, within the scope of their authority as New York City Police Officers, under NYPD authority, and under the color of State Law.

91. Upon information and belief, the New York City Police Department and the 18th Precinct (Midtown North) was and still is the place of employment of Defendant Officers 1-4.

92. Upon information and belief, by their inaction, the NYPD and the City have ratified and approved the behavior of Defendant Officers 1-4.

93. At all times on June 25, 2015, Defendants NBA and Fanatics, by their employees and agents were acting in furtherance of NYPD, NBA and Fanatics business, under NYPD, NBA and Fanatics authority, and under the color of State Law.

94. Upon information and belief, the NBA and Fanatics still own and operate the NBA Store.

95. Upon information and belief, the NBA and Fanatics, through their course of conduct, have ratified and approved the behavior of their agents.

**FIFTH CLAIM FOR RELIEF:**
**Negligent Hiring, Retention, Training and Supervision Under State Law**

96. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-98 with the same force and effect as if fully set forth herein.

97. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT have a duty to use reasonable care in the employment, training, and supervision of its employees.

98. This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others as well as to provide adequate training.

99. The NYPD and the City knew or should have known that Defendant Officers 1-4 were incompetent, had viscious propensity, and/or a bad disposition.

100. The NYPD and the City failed to adequately train its officers in the wake of *Daniels v. City of New* York, No. 99 CIV 1695 SAS (1999) and *Floyd v. City of New York*, 959 F. Supp. 2d 540 (S.D.N.Y. 2013).

101. As a result, the NYPD and the City could have easily anticipated the assault and battery of June 25, 2015.

102.  As a result of this history, the violations and incident of June 25, 2015 was a foreseeable consequence of the NYPD's and the City's failure to adequately train, reprimand, and/or reassign Defendant Officers 1-4.

103.  The NBA and Fanatics have a duty to use reasonable care in the employment, training, and supervision of its employees.

104.  This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others as well as to provide adequate training.

105.  The NBA and Fanatics failed to adequately train its employees and agents in crime prevention and loss detection.

106.  As a result, the NBA and the Fanatics could have easily anticipated the assault and battery of June 25, 2015.

107.  The violations and incident of June 25, 2015 was a foreseeable consequence of the NBA's and Fanatics' failure to adequately train, reprimand, relocate, and/or terminate the employees and agents involved.

108.  Because of these failures, Plaintiffs have suffered the injuries and harm claimed herein.


**SIXTH CLAIM FOR RELIEF:**
**Deprivations of Federal Civil Rights Under 42 U.S.C. §1983**

109. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-110 with the same force and effect as if fully set forth herein.

110.  At the time of Plaintiffs' arrests, there was absolutely no credible evidence that either Plaintiff had committed a crime.

111. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

112. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

113. The acts complained of were carried out by the aforementioned individual defendants, in particular Defendant Officers 1-4, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

114. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, and all under the supervision of said department and of the City.

115. The individual defendants, Defendant CITY OF NEW YORK, and the NYPD, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality, which is forbidden by the Constitution of the United States.

116. As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer psychological and emotional injuries, violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

## SEVENTH CLAIM FOR RELIEF:
### False Arrest Under 42 U.S.C. §1983

117. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-118 with the same force and effect as if fully set forth herein.

118. Plaintiffs were arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NYPD, the CITY, the NBA, and Fanatics.

119. As a result of the aforesaid conduct by Defendant Officers 1-4, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

120. As a result of the above constitutionally impermissible conduct, plaintiffs were caused to suffer psychological and emotional injuries, violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

121. As a result of Defendants' impermissible conduct, plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.


## EIGHT CLAIM FOR RELIEF:
### False Arrest and False Imprisonment Under State Law

122. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-123 with the same force and effect as if fully set forth herein.

123. That at all times mentioned herein, Defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority over the NYPD, its agents, servants and

employees, and is liable to Plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondeat superior.*

124. At the aforementioned times and locations, Plaintiffs were detained and held under the imprisonment and control of the Defendant Officers 1-4, under false pretenses.

125. At the aforementioned times and locations, due to the negligence of Defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NYPD, falsely arrested and imprisoned Plaintiffs without warrant, authority of law or probable cause therefore.

126. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining Plaintiffs against their will and without their consent; unlawfully and intentionally detaining and confining Plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiffs through the unlawful arrest of Plaintiffs; unlawfully detaining and confining Plaintiffs; unlawfully arresting Plaintiffs and placing them in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

127. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

128. That Plaintiffs were conscious of their confinement.

129. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiffs were caused to and did sustain humiliation and embarrassment, emotional

and mental distress, moral and mental degradation, indignity and disgrace, inconvenience, disturbance and disruption of life, and legal expenses.

130. By the actions described above, the individual and municipal defendants caused Plaintiffs to be falsely arrested and falsely imprisoned Plaintiffs without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

131. As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

## NINTH CLAIM FOR RELIEF:
### Negligence

132. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-132 with the same force and effect as if fully set forth herein.

133. All named Defendants, their servants, agents, employees, licensees, independent contractors and/or police officers, negligently caused emotional distress, psychological harm, and damage to Plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

134. As a result of the foregoing, Plaintiffs were caused to suffer psychological and emotional injuries, violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

## TENTH CLAIM FOR RELIEF:
## Negligent Hiring, Screening, Retention, Supervision and Training of Individuals

135. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-135 with the same force and effect as if fully set forth herein.

136. Defendant CITY OF NEW YORK, Defendant NBA and Defendant Fanatics negligently hired, screened, retained, supervised, and trained the individual defendants, their servants, agents, employees, licensees, independent contractors and police officers. The acts and conduct of Defendants were the direct and proximate cause of injury to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

137. As a result of the foregoing, Plaintiffs were caused to suffer psychological and emotional injuries, violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

## ELEVENTH CLAIM FOR RELIEF:
## Municipal Liability Under *Monell* Arising From
## Unconstitutional Policies and Customs Pursuant to 42 U.S.C. §1983

138. Plaintiffs repeat, reiterate, and reaalege each and every allegation contained in paragraphs 1-138 with the same force and effect as if fully set forth herein.

139. Defendant Officers 1-4, arrested and detained Plaintiffs in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the Plaintiffs' liberty, well-being, safety and constitutional rights.

140. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

141. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NYPD, all under the supervision of officers of said department and of the City.

142. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, the NYPD, and the individual defendants, Plaintiffs' constitutional rights were violated.

143. As a result of the abovementioned constitutionally impermissible conduct, Plaintiffs were caused to suffer psychological and emotional injuries, violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

**WHEREFORE**, Plaintiffs respectfully demand the following relief, jointly and severally against all Defendants:  The convening and empaneling of a jury to consider the merits of the claims herein;  Compensatory damages;  Punitive damages;  Costs, interest and attorney's fees;  Such other and further relief as this court may deem just, proper and equitable.

Dated:          September 16, 2016                    Respectfully submitted,
                New York, NY

_____
**Christopher A. Carrion, Esq. (CC5279)**
CARRION SOTO VIRUET & KELLEY LLP
One World Trade Center, Suite 8500
New York, New York 10007
P: 212.920.5733        F: 917.725.9807
ccarrion@csvklegal.com
*Attorneys for the Plaintiffs*